# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL RAY THOMAS,

        Plaintiff,

v.

RICHARD BERNSTEIN, *et al*,

        Defendants.

_____/

Case No. 5:18-cv-10297

HONORABLE JOHN C. O'MEARA
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff, Michael Ray Thomas, a state inmate who is proceeding without the assistance of counsel, filed a civil rights complaint under 42 U.S.C. § 1983. This matter is before the Court for a screen of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, Plaintiff's complaint is dismissed.

## I.    Background

Between May 8, 2016 and December 7, 2016, Plaintiff filed five complaints with the Michigan Attorney Grievance Commission ("AGC"), accusing a Macomb County Assistant Prosecutor of misconduct.[1] The AGC denied each complaint. In response, Plaintiff filed a complaint with the Michigan Supreme Court pursuant to Michigan Court Rule 9.122(a)(2), seeking review of the AGC's decisions. The ACG did not timely answer the complaint and Plaintiff moved for summary judgment. The AGC then filed

---

[1] The facts in Plaintiff's complaint will be accepted as true for the purposes of this § 1915A screen.

an untimely answer, which the Michigan Supreme Court failed to strike. On September 12, 2017, the Michigan Supreme Court dismissed Plaintiff's complaint. Two months later, the Court dismissed his motion for reconsideration.

Plaintiff names as Defendants current and former Michigan Supreme Court Justices Richard Bernstein, Joan Larsen, Stephen Markman, Bridget McCormack, David Viviano, and Brian Zahra, the Attorney Grievance Administrator, the Michigan Supreme Court, the AGC, and Jane Doe. He asserts two causes of action: 1) the AGC violated his Fifth and Fourteenth Amendment rights to Due Process by failing to investigate his claims of attorney misconduct and to timely file an answer; and 2) the Michigan Supreme Court violated his constitutional rights by allowing the AGC to file an untimely answer and by dismissing his complaint. He seeks declaratory relief, injunctive relief, and damages.

## II. Standard

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint or any portion of it if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). "District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*,

or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Plaintiff prepaid the filing fee for this action, and courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999). *Benson*, however, does not prohibit federal courts from screening a prisoner's fee-paid civil rights complaint against government officials under §1915A. *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001). As the Sixth Circuit explains:

> The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is neither restricted to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation. Section § 1915(e)(2) is applicable throughout the entire litigation process.

*In re Prison Litigation Reform Act*, 105 F.3d at 1134. Federal district courts also "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to

3

state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. Analysis

To establish a viable claim under § 1983, a plaintiff must allege that he or she was deprived of a right "'secured by the Constitution and the laws of the United States' by one acting under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). In addition, a plaintiff must make a showing that he or she suffered a specific injury as a result of the conduct of a particular defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff's complaint fails to state a § 1983 claim as to all of the Defendants.

### A. AGC Defendants

Plaintiff alleges that the AGC and the Attorney Grievance Administrator violated his Due Process rights by dismissing five of his complaints of attorney misconduct. He sues them in their official capacities. The AGC is the "prosecution arm of the Supreme Court for discharge of its constitutional responsibility to supervise and discipline Michigan attorneys." *Eston v. Van Bolt*, 728 F. Supp. 1336, 1338 (E.D. Mich. 1990)

(citing M.C.R. 9.108(A)). The AGC and its employees are absolutely immune from liability for acts or omissions performed in their official capacities. *Id.* Here, Plaintiff's sole assertion against the AGC and its Administrator is that his misconduct complaints were dismissed, which directly relates to the performance of their statutory duties as outlined in Michigan Court Rules § 9.109(B). As such, both the AGC and its Administrator are immune from suit and Plaintiff's claims against them must be dismissed.

### B. Michigan Supreme Court Defendants

Plaintiff names the Michigan Supreme Court and six current and former justices of the Michigan Supreme Court as Defendants in this action brought under § 1983. These Defendants are immune from suit in federal court and Plaintiff's claims against them must be dismissed.

#### 1. Michigan Supreme Court

Under the Eleventh Amendment, the states and their departments are immune from suit in federal court, regardless of the relief requested, unless the state has waived immunity or congress has expressly abrogated the immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton,* 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute or under § 1983, and Michigan has not consented to suit, the State of Michigan remains immune from suit under the Eleventh Amendment. *Hutzell v. Sayre,* 5 F.3d 996, 999 (6th Cir. 1993),

*Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir. 2004). The Michigan Supreme Court is an arm of the state of Michigan and is likewise immune from suit under the Eleventh Amendment. *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 763 (6th Cir. 2010). Further, the Michigan Supreme Court is not a "person" as that term is used in § 1983. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993). Plaintiff fails to state a claim upon which relied can be granted against the Michigan Supreme Court.

### 2. Michigan Supreme Court Justices

Plaintiff's claims against the individual justices must also be dismissed. Plaintiff asserts that the justices violated his Due Process rights by 1) allowing the AGC to file an untimely response to his complaint and 2) dismissing his complaint. The justices are entitled to judicial immunity on these claims. As the Sixth Circuit has explained:

> It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983. Judicial immunity exists even where a judge acts corruptly or with malice.

*Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (internal citations and quotations omitted). Judicial immunity can be overcome only where: 1) the actions are not taken in the judge's official capacity; or 2) the actions were taken in the complete absence of all jurisdiction. *Id*. Here, the justices acted in their official capacities by managing their docket to allow an untimely answer and by dismissing Plaintiff's complaint. Further, the actions taken were completely within their jurisdiction, pursuant to their constitutional responsibility to supervise and discipline Michigan attorneys, during all of the events

described in Plaintiff's complaint. Plaintiff's claims against them must therefore be dismissed.

### C. Jane Doe Defendant

It is unclear who Plaintiff intends to name as Defendant Jane Doe. He pleads no facts related to her, nor makes any allegations against her. Accordingly, he has failed to make a showing that he suffered a specific injury as a result of the conduct of a particular defendant, and his claims against Jane Doe must be dismissed.

## IV. Conclusion

In sum, Plaintiff's complaint fails to state a claim upon which relief can be granted. His complaint is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. 1915A and Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED.**

Date: January 31, 2018

s/John Corbett O'Meara
United States District Judge


I hereby certify that on January 31, 2018, a copy of this opinion and order was served upon Plaintiff using first-class U.S. mail.

s/William Barkholz
Case Manager