UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAY THOMAS,

        Plaintiff,         Case No. 5:18-cv-10297

v.         HONORABLE JOHN C. O'MEARA
        UNITED STATES DISTRICT JUDGE

RICHARD BERNSTEIN, *et al*,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 4)

Plaintiff, Michael Ray Thomas, a state inmate who is proceeding without the assistance of counsel, filed a civil rights complaint under 42 U.S.C. § 1983. On January 31, 2018, the Court dismissed Plaintiff's complaint following a screen pursuant to 28 U.S.C. § 1915A. Now before the Court is Plaintiff's motion to alter or amend judgment. (ECF No. 4.) For the reasons that follow, Plaintiff's motion is **DENIED**.

## I. Background

The factual background of this case is set out fully in the Court's January 31, 2018 Order of Summary Dismissal. The Court adopts the factual background as set out in that order.

## II. Standard

Motions to alter or amend judgment under Federal Rule of Civil Procedure 59 may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American*

*Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Id*. (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

## III. Analysis

### A. Attorney Grievance Commission Defendants

Plaintiff disagrees with the Court's conclusion that the Attorney Grievance Commission ("AGC") is absolutely immune for the acts or omissions performed within its official capacity. He cites to *Grievance Administrator, Attorney Grievance Commission, Michigan v. Fieger*, 409 F. Supp. 2d 858 (E.D. Mich. 2005), to support his position that a suit can be brought against a grievance administrator provided the challenge is "based upon the Constitution or federal laws." *Id.* at 866.

Plaintiff misreads the holding of the case. In *Feiger*, the AGC filed a formal complaint against the defendant, who moved to remove the case to federal court. The court held that he could not remove the case to federal court because he did not state a federal claim. It noted only hypothetically that such a suit could be filed in federal court if it raised issues of constitutional or federal law. It made no comment about the success of such a suit. Nor did it discuss the absolute immunity afforded to the AGC for acts or omissions performed in its official capacity. *Eston v. Van Bolt*, 728 F. Supp. 1336, 1338

(E.D. Mich. 1990) (citing M.C.R. 9.108(A)). Moreover, even if Plaintiff's reading of the case was correct, it still does not support his position, as his entire complaint was predicated on matters of state law, not federal or constitutional law. Plaintiff is not entitled to relief under Rule 59 on this basis.

### B. Michigan Supreme Court

Plaintiff next argues that the Michigan Supreme Court can be held liable for its enforcement role related to attorney discipline. As support for this position, he cites to *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 44 U.S. 719 (1980). In that case, the United States Supreme Court held that the Virginia Supreme Court was not absolutely immune from suits involving its enforcement authority over attorney discipline. It described this enforcement authority as "beyond that of adjudicating complaints filed by others and beyond the normal authority of the courts to punish attorneys for contempt." *Id.* at 724. Here, Plaintiff takes issue with how the Michigan Supreme Court handled the complaint he filed against an attorney. His complaint does not describe anything beyond the duty of the Michigan Supreme Court to adjudicate complaints filed by others, and therefore the holding in *Consumers* is inapposite. The Michigan Supreme Court is immune in the instant action and Plaintiff is not entitled to relief on this basis.

### C. Michigan Supreme Court Justices

Finally, Plaintiff asserts that the Michigan Supreme Court justices are not immune in this action because he filed it to seek prospective relief to end a continuing violation of

federal law. In his motion, Plaintiff contends that he is attempting to compel the Michigan Supreme Court justices to comply with the First Amendment right to redress grievances, and the Due Process clause. However, his complaint merely takes issue with the Michigan Supreme Court's handling of his grievance. He has no constitutional right to win his case at the Michigan Supreme Court. Nor do his allegations that the Michigan Supreme Court Justices failed to follow state law by allowing the AGC to file an untimely motion rise to the level of a constitutional violation. He is not entitled to relief under Rule 59 on this basis.

## IV.    Conclusion

In sum, Plaintiff is not entitled to relief under Rule 59. His motion (ECF No. 4.) is therefore **DENIED**.

**IT IS SO ORDERED.**

Date: June 22, 2018                                s/John Corbett O'Meara
                                                   United States District Judge


I hereby certify that a copy of this opinion and order was served upon Plaintiff on June 22, 2018, using first-class U.S. mail.

                                                   s/William Barkholz
                                                   Case Manager